# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01 C 167 |
| ) | Judge Joan H. Lefkow |
| RSC DEVELOPMENT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM DECISION

The United States Attorney, on behalf of the United States of America ("the United States"), plaintiff, has moved for an award of attorneys' fees and costs, including expert witness compensation, against defendant RSC Development Group, Inc. ("RSC"). The United States rests its claim on its representation that attorney time was devoted to and expenses were incurred while gaining RCS's compliance with a consent decree entered in this case on May 13, 2002 with respect to the United States' action to enforce the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(f)(3)(C) ("the Act").

The record reflects that on April 12, 2004, the parties submitted an agreed motion seeking entry of a supplemental consent order. That agreed supplemental consent order found RSC in contempt of court on six of seven items of noncompliance with the consent decree and resolved the substantive compliance issues as to those six. The order specifically excepted from the admission of contempt and the obligations imposed on RSC "Item (1)(a)" regarding an order to retrofit the storage room entrance in the garage level of Building One at Hunt Club Condominiums. The supplemental consent order also left open what fees and costs the United

States should recover pending resolution of Item (1)(a). On April 19, 2004, this court signed and directed entry of the supplemental consent order.

On June 7, 2004, the court entered a second supplemental consent order. This order provided that the parties had reached agreement as to appropriate remedial action pertaining to the retrofit of the entrance to the storage area in the garage level of Building One. The order, besides giving RSC 45 days to comply with the agreement, contemplated that the United States would file a petition for fees and expenses by October 8, 2004. The retrofit for the storage area was completed late, on September 24, 2004, but the United States makes no issue of it, perhaps satisfied enough that compliance with the decree has been accomplished, even if 16 months beyond the time originally established by the consent decree. Nevertheless, the United States seeks fees and expenses for the period October 17, 2003 to the filing of the petition on October 8, 2004, at a rate of $125 per hour for 181.375 hours of attorney time devoted to the case by lead counsel, Myron S. Lehtman, Senior Trial Attorney assigned to the Housing and Civil Enforcement Section, Civil Rights Divison, Department of Justice, in a total amount of **$22,671.75**. In addition, the United States seeks reimbursement for travel expenses in the amount of **$2,230.79**, deposition transcript expense of **$317.00**, and reimbursement of fees paid to experts. (William Hecker, an architect, and Donald Burgeson, a contractor, were engaged in anticipation of a hearing on the issue raised by RSC whether the storage area was amenable to the retrofit prescribed under the original consent decree.) These fees amounted to **$9,456.75**. The total award requested, then, is **$34,767.29.**

RSC does not dispute that an award of fees and costs is appropriate, even in favor of the United States, for contempt of a court decree. *See South Suburban Housing Center v. Berry*,

186 F.3d 851, 854 (7th Cir. 1999) (*citing Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981) (In civil contempt proceedings, "a court may, at its discretion, order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention")); *accord United States v. Greyhound Corp.*, 370 F. Supp. 881, 886 (N.D. Ill. 1974), *aff'd*, 508 F.2d 529 (7th Cir. 1974); *Squillacote v. Meat & Allied Food Workers*, 534 F.2d 735, 748 (7th Cir. 1976). Because such "relief is generally considered remedial in nature, the question of whether the civil contempt was willful or not is irrelevant to the decision to award fees." *In the Matter of Establishment Inspection of St. Charles Mfg. Co.*, 663 F. Supp. 310, 313 (N.D. Ill. 1987). Moreover, it is "well-settled" that such awards may be made to governmental agencies. *Commodity Futures Trading Comm'n*, 655 F.2d at 786; *Greyhound Corp.*, 370 F. Supp. at 886; *United States v. City of Jackson*, 318 F. Supp. 2d 395, 417 (S.D. Miss. 2002), *aff'd*, 359 F.3d 727, 733 (5th Cir. 2004); *United States v. Northside Realty Associates, Inc.*, 605 F.2d 1348, 1356 n.23 (5th Cir. 1979); *St. Charles Mfg Co.*, 663 F. Supp. at 313.

Neither does RSC challenge the number of hours devoted to the litigation or the hourly rate requested. Nor does RSC seriously contend that the finding of contempt in the April 19, 2004 supplemental consent order may not be the basis for an award of **$19,244.97** (representing fees and expenses as set out at page 2 of the United States' reply memorandum). Rather, RSC argues that the portion of fees attributable to gaining compliance with Item (1)(a) should not be reimbursed but, even if reimbursed, the fees and costs expended by the United States were excessive. Thus, the dispute here concerns **$15,432.32** allocated to Item (1)(a) compliance under the motion.

3

RSC argues that because the parties resolved Item (1)(a) short of a finding of contempt, there is no basis for an award of fees under the cited cases. In other words, this is not a situation of statutory fee shifting to a prevailing party but rather a form of punishment to a contemnor. Without the finding of contempt, RSC argues, the basis for the award does not exist. The United States responds that RSC was in fact in contempt of the consent decree and thus should be liable for the fees. The United States also seems to argue that although it is not eligible to benefit from the fee-shifting provisions of 42 U.S.C. § 3613(c)(2) (the United States is specifically excluded from the fee-shifting provision), it should be awarded its fees for accomplishing the remedial purposes of the statute. The United States relies on *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001) for the proposition that a court-ordered change in the legal relationship between the plaintiff and the defendant can serve as the basis for fees, and on *South Suburban Housing Center*, for the proposition that the court has discretionary power to "order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention." 186 F.3d at 854.

Having reviewed the arguments and the authorities cited, the court concludes that an award of fees to the United States is not authorized here. Because compliance with Item 1(a) was achieved through a stipulated order that omits (unlike the supplemental consent order) an admission of contempt, the United States chose to forego the delay and expense involved in pursuing its contempt motion in favor of a certain settlement. As RSC argues, unless it is found to be in contempt, the court cannot award fees based on doctrines that permit fee shifting for contempt of court. *South Suburban Housing Center* is not authority for doing so because in that

4

case, unlike here, the court concluded, after a show cause hearing, that the defendant was in contempt. Nor does *Buckhannon* assist the United States because the Court in that case was interpreting a statutory fee shifting provision when it spoke of the court-ordered change in the legal relationship between the parties as a requirement for prevailing party status. *Buckhannon* does not address a fact situation involving disobedience to a court order nor can the United States contend that it is entitled to fees under a fee shifting provision. The United States did not negotiate fees as part of the settlement with RSC and because of the settlement, the United States has in effect withdrawn its motion for a finding of contempt.

One issue remains: whether the United States may recover expert witness fees. For the reasons stated above, the United States is not entitled to be reimbursed for its expenses beyond that which is available under 28 U.S.C. § 1920(3) as part of its costs. Any costs are excluded from this order but the United States may, of course, make application therefor. *But see T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003) (*citing Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 439 (1987) (absent contract or explicit statutory authority to the contrary, costs to a prevailing party for expert witnesses are limited by 28 U.S.C. § 1821(b))).

For these reasons, the court awards to the United States the **$19,244.97**, which amount represents a reasonable attorney's fee of $17,703.13 and travel expenses in the amount of $1,541.84.

ENTER:

Dated: February 9, 2005

JOAN HUMPHREY LEFKOW
United States District Judge